# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: September 19, 2017

```
* * * * * * * * * * * * * * * *
ANGELA VIGLIOTTI,                      *        UNPUBLISHED
                                       *
              Petitioner,              *        No. 12-281V
                                       *
v.                                     *        Special Master Gowen
                                       *
SECRETARY OF HEALTH                    *        Interim Attorneys' Fees and Costs;
AND HUMAN SERVICES,                    *        Special Master's Discretion.
                                       *
              Respondent.              *
* * * * * * * * * * * * * * * *
```

Mark T. Sadaka, Mark T. Sadaka, LLC, Englewood, NJ, for petitioner.
Lynn E. Ricciardella, United States Department of Justice, Washington, DC, for respondent.

## DECISION ON INTERIM ATTORNEYS' FEES AND COSTS[1]

On May 3, 2012, Angela Vigliotti ("petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2] Petitioner alleges that she suffers from multiple sclerosis, which was either caused-in-fact or significantly aggravated by an influenza ("flu") vaccine she received on September 8, 2010. An entitlement hearing is currently scheduled to take place in March 2018.

On August 2, 2017, petitioner filed a motion for interim attorneys' fees and costs. Petitioner's Motion (ECF No. 109). She requests $72,464.52 in interim attorneys' fees and $35,480.45 in interim attorneys' costs, for a total interim award of $107,944.96. Petitioner's Motion - Tab 1 at 40.

---

[1] Pursuant to the E-Government Act of 2002, see 44 U.S.C. § 3501 note (2012), **because this decision contains a reasoned explanation for the action in this case, I intend to post it on the website of the United States Court of Federal Claims.** The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version of the decision." Id. **If neither party files a motion for redaction within 14 days, the decision will be posted on the court's website without any changes.** Id.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to 34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

On August 16, 2017, respondent filed a response to petitioner's motion. (ECF No. 110). Respondent "defers to the Special Master to determine whether or not petitioner has met the legal standard for an interim fees and costs award, as set forth in *Avera v. Secretary of Health and Human Services*, 515 F.3d 1345 (Fed. Cir. 2008)." Respondent's Response at 2. "With that exception, respondent is satisfied that the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id.* (internal citations omitted). Respondent "respectfully recommends that the special master exercise his discretion and determine a reasonable award for attorneys' fees and costs." *Id.* at 3. On August 18, 2017, petitioner filed a reply in support of her motion for interim attorneys' fees and costs. (ECF No. 114).[3] This matter is now ripe for review.

## I.    Interim Attorneys' Fees and Costs

Section 300aa-15(e) of the Vaccine Act permits an award of reasonable attorneys' fees and costs. In addition, the Vaccine Act permits interim attorneys' fees and costs. *Avera*, 515 F.3d at 1352; *Shaw v. Sec'y of Health & Human Servs.*, 609 F.3d 1372 (Fed. Cir. 2010). When a petitioner has yet to prove entitlement, a special master "may award an amount of compensation" for reasonable attorneys' fees and costs "if the special master . . . determines that the petition was brought in good faith and there was a reasonable basis for the claim." § 300aa-15(e)(1)(B); *Sebelius v. Cloer*, 133 S. Ct. 1886, 1893 (2013). In this case, respondent "defers to the Special Master to decide whether the statutory requirements for an award of attorneys' fees and costs are met," but does not make any objections. Respondent's Response at 2. I find that this claim was brought in good faith and with a reasonable basis.

In *Avera,* the Federal Circuit stated that "[i]nterim fees are particularly appropriate in cases where proceedings are protracted and costly experts must be retained." 515 F.3d at 1352. In *Shaw,* the Federal Circuit held that "where the claimant establishes that the cost of litigation has imposed an undue hardship and there exists a good faith basis for the claim, it is proper for the special master to award interim attorneys' fees." 609 F.3d at 1375. I find that these circumstances are present here. Petitioner filed her claim over five years ago on May 3, 2012. The original medical records were significant and took some time to obtain. Petitioner obtained one report from a neurologist who then withdrew from the case for unrelated circumstances. Petitioner then retained another neurologist with significant experience in the Vaccine Program, who has prepared two reports and will testify at the entitlement hearing in March 2018.

---

[3] On September 19, 2017, my law clerk telephoned petitioner's counsel for clarification on two aspects of the fee application. First, the billing entries suggest that in February 2016, petitioner sent her "out-of-pocket expenses" to counsel. Petitioner's counsel stated that these were costs for medical care to be included in the demand. Petitioner's counsel represented that petitioner has not incurred out-of-pocket costs associated with litigating her claim. Second, the interim fee application requests costs associated with retaining a neuroradiologist who reviewed and discussed petitioner's MRI images with counsel, but who has not provided a report to date. Counsel could not confirm whether the neuroradiologist will remain involved in the case. At my request, counsel filed the neuroradiologist's curriculum vitae, which reflects significant qualifications in this specialty. (ECF No. 117).

Petitioner has also incurred significant fees and costs while attempting to settle the case. Based on my preliminary findings, the parties litigated the case while simultaneously exploring the possibility of settlement. Petitioner retained a life care planner and submitted two demands to respondent. After reviewing each demand, respondent has elected to proceed with litigation. The case is further complicated because petitioner's condition is not stable. Her multiple sclerosis has continued to progress, justifying petitioner's ongoing consultation with counsel and filing of new records.

As referenced above, due to the current number of claims in the Vaccine Program, the entitlement hearing in this case likely will not occur before March 2018. There will likely be several months between the hearing and the issuance of an entitlement decision. If petitioner establishes entitlement to compensation, the case will need to progress to the damages phase, which may also take significant time. Because of the protracted nature of the proceedings to date, the retention of costly experts, and the fact that the case will not be ultimately resolved for a significant time, I find that it is appropriate to award interim attorneys' fees and costs at this juncture.

## II.     Reasonable Attorneys' Fees and Costs

As stated above, the Vaccine Act only authorizes "reasonable" attorneys' fees and costs. The Federal Circuit has approved use of the lodestar approach to determine what attorneys' fees and costs are "reasonable" under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008). Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347-58 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. *Id.* at 1348. Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (Fed. Cl. 2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing petitioners notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (Fed. Cl. 2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (Fed. Cl. 2011). Just as "[t]rial court courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications." *Saxton*, 3 F.3d at 1521 (citing *Farrar v. Sec'y of Health & Human Servs.*, 1992 WL 336502 at *2-3 (Cl. Ct. Spec. Mstr. Nov. 2, 1992)). The requirement that attorneys' fees be reasonable also applies to costs. *Perreira*, 27 Fed. Cl. at 34 ("Not only must any request for attorneys' fees be reasonable, so must any request for reimbursement of costs").

I have reviewed the motion for interim attorneys' fees and costs and the supporting documentation. With regard to the requested attorneys' fees, the hourly rates are consistent with *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Oct. 18, 2015), the Office of Special Masters' fee schedules, and other special masters' decisions regarding the Sadaka firm. I find that they are also reasonable in this case.

The hours expended also seem reasonable. The billing entries reflect the nature of each task performed, the amount of time expended, and the person performing the task. They do not appear to bill for administrative work, paralegal work performed by attorneys, duplicative work, significant interoffice communication and meetings, or other unreasonable practices. In sum, I find no cause to adjust the requested attorneys' fees.

The requested attorneys' costs are for obtaining medical records, copying and postage, filing fee, and payments to three experts. Based on my experience, the requested costs also appear reasonable and will be awarded in full.

## III.    Conclusion

Accordingly, I award the following:

1) **A lump sum in the amount of $107,944.96, representing reimbursement for _interim_ attorneys' fees and costs, in the form of a check payable jointly to petitioner and her counsel, Mark T. Sadaka of Mark T. Sadaka, LLC.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court is directed to enter judgment forthwith.[4]

**IT IS SO ORDERED.**

**s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of a notice renouncing their right to seek review.